07-21359.or6

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21359-CIV-COOKE-BROWN

BRICKELL BAY PLAZA, LLC,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## ORDER DENYING MOTION TO STAY COUNTERCLAIM

**THIS CAUSE** is before the Court on Intervenor Plaintiff/Counter-Defendant's Motion to Stay Counterclaim..., filed January 31, 2008. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

It should be noted at the outset, that the case of Colorado River Water Conservation District v. U.S., 424 U.S. 800, 96 S. Ct. 1236 (1976) is the leading case on when a federal court should deny acting in a matter where it has jurisdiction because of a pending state case. That should only occur in "exceptional circumstances". Id at 813, 1244.

While the same or essentially the same counterclaim is pending in the state court litigation, both were filed, more or less, in the same time frame. Indeed, both cases are "07" cases. There are no exceptional circumstances that would preclude this counterclaim from proceeding. The best that can be said is there is a possibility of conflicting results. This is not, standing alone, a basis for staying the exercise of federal jurisdiction. Id at 816, 1245. Likewise,

1

"the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...". <u>McClellan v. Carland</u> 217 U.S. 268, 282, 30 S. Ct. 501, 505 (1910).

The Eleventh Circuit has set forth criteria to consider as to whether to stay proceedings in this situation. See <u>Moorer v. Demopolis Waterworks and Sewer Board</u>, 374 F. 3d 994, 997 (11th Cir. 2004). Of the six criteria discussed therein, only one stands out, and that is "the relative inconvenience of the fora". If this Court were to stay the counterclaim, it would result in an inconvenience to this Court being unable to resolve the case in its entirety. That factor weighs in favor of denying the motion, not granting it.

Finally, intervenor plaintiff attempts to distinguish between dismissing a claim under the abstention doctrine and merely staying same. However, the cases cited to not distinguish between the criteria. The Eleventh Circuit only states that the remedy - were this court to abstain in this matter - would be to stay the counterclaim instead of dismissing same.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED and ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of April, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
Counsel of record